NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| VERNON L. SIMMONS,<br><br>      Petitioner,<br><br>    v.<br><br>GEORGE ROBINSON, and THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY,<br><br>      Respondents | Civil Action No. 20-3028(RMB)<br><br>**OPINION** |

BUMB, United States District Judge

This matter comes before the Court upon Petitioner Vernon L. Simmons' ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Dkt. No. 1); Petitioner's Motion for Summary Judgment (Dkt. No. 5); Respondent's Cross-Motion to Dismiss (Dkt. No. 6); and Petitioner's Reply Brief (Dkt. Nos. 7, 8.) The Court will determine the motions on the briefs without oral argument, pursuant to Federal Rule of Civil Procedure 78(b).

I. PETITIONER'S MOTION FOR SUMMARY JUDGMENT

Petitioner filed a motion for summary judgment seeking habeas relief because Respondents missed the deadline to file an answer to his habeas petition. (Mot. for Summ. J., ¶¶ 4-5; Dkt. No. 5.) Petitioner asserts that he is entitled to relief on the merits of his habeas petition because his Second Amended Judgment of

Conviction constituted an illegal sentence. (Mot. for Summ. J., ¶¶ 6-13; Dkt. No. 5.)

In response to Petitioner's motion for summary judgment based on Respondents' untimely response, Respondents explain that they either did not receive the referral letter and order to answer from the Office of the Attorney General of New Jersey or it was misdirected, possibly due to the confusion from moving to part-time telework due to COVID-19. (Cross-motion, Dkt. No. 6.) Respondents acted with haste upon receiving Petitioner's motion for summary judgment. (Id.) In his reply brief, Petitioner opposes acceptance of Respondents' untimely motion. (Reply Brief, Dkt. No. 7.) In a supplement to his reply brief, Petitioner argues that under state or federal law, he can bring a claim for illegal sentence at any time, therefore, his habeas petition is not untimely. (Letter, Dkt. No. 8.)

Unlike the habeas statute of limitations in 28 U.S.C. § 2244(d), the deadline to answer a habeas petition is at the discretion of the assigned district judge. See Rules Governing § 2254 Cases, Rules 4, 5(a). The Court finds good cause for Respondents' late response and will accept their cross-motion to dismiss.

II. RESPONDENT'S CROSS-MOTION TO DISMISS

A. Procedural History

Petitioner seeks habeas corpus relief from the July 19, 2017 decision of the Superior Court of New Jersey, Appellate Division in A-1184-15T4. (Certification of Jennifer L. Bentzel ("Bentzel Cert."),[1] Ex. 1; Dkt. No. 6-3.) The Appellate Division denied Petitioner's appeal from the denial of his motion to correct an illegal sentence, explaining the motion as follows:

> Defendant contends that once the trial court issued the March 25, 2015 amended JOC mistakenly stating that his total term was thirty years, rather than life in prison with thirty years of parole ineligibility, the court was barred from correcting this error and he should have been released from prison because he had served thirty years of his sentence.

(Bentzel Cert., Ex. 1; Dkt. No. 6-3 at 2.) Petitioner then filed a petition for certification with the Supreme Court of New Jersey, which denied the petition on January 12, 2018. (Bentzel Cert., Ex. 2; Dkt. No. 6-4.) Petitioner moved for reconsideration, and his motion was denied on April 24, 2018. (Bentzel Cert., Ex. 3; Dkt. No. 6-5.) Petitioner did not seek review by the United States Supreme Court. (Bentzel Cert., ¶ 10; Dkt. No. 6-1.) Taking into account the 90 days during which Petitioner could have sought United States Supreme Court review, his direct appeal became final

---

[1] Jennifer L. Bentzel is the supervisor of the Appellate Unit in the Office of the Burlington County Prosecutor. (Bentzel Cert., ¶1, Dkt. No. 6-2.)

on July 23, 2018, causing his habeas petition to be due on or before July 23, 2019. (Bentzel Cert., ¶¶ 11-24, Dkt. No. 6-1.)

On October 4, 2019, Petitioner filed an application to the Third Circuit Court of Appeals under 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive petition for habeas corpus relief, almost four months after the one-year habeas deadline in 28 U.S.C. 2244(d) expired. (Bentzel Cert., Ex. 4; Dkt. No. 6-6.) On February 4, 2020, the Third Circuit denied petitioner's application for permission to file a second or successive petition for writ of habeas corpus because petitioner had never sought review of the state appellate court and Supreme Court decisions after correction of the judgment of conviction in 2015. (Bentzel Cert., Ex. 7; Dkt. No. 6-9.) Petitioner filed the present petition for writ of habeas corpus, dated March 14, 2020, on March 18, 2020. (Pet., Dkt. No. 1.)

    B.    Standard of Law

28 U.S.C. § 2244(d) provides, in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

After a petitioner seeks review from the State's highest court, the judgment of conviction becomes final, and the limitations period begins to run after expiration of the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000). "[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires." Gonzalez v. Thaler, 565 U.S. 134, 137 (2012). A properly-filed application for post-conviction relief tolls the habeas statute of limitations under 28 U.S.C. § 2244(d)(2).

Equitable tolling applies to the one-year statute of limitations under 28 U.S.C. § 2244(d) in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). Equitable tolling may be appropriate in circumstances where (1) the defendant has actively misled the plaintiff; (2) the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (citing United States v. Midgley, 142 F.3d 174, 179 (3d Cir.

1998)). "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (citations omitted).

C. Analysis

Direct review of the Appellate Division's July 19, 2017 decision became final ninety days after the New Jersey Supreme Court denied Petitioner's motion for reconsideration on April 24, 2018. Gonzalez, 565 U.S. at 137. The one-year habeas statute of limitations began to run on July 23, 2018, and expired on July 23, 2019. Petitioner did not file his application to file a second or successive § 2254 petition in the Third Circuit until October 4, 2019, almost four months after the habeas statute of limitations expired, thus, too late for statutory or equitable tolling to render his habeas petition timely.

Petitioner argues that the Third Circuit's decision permits him to file his habeas petition. (Reply Brief, Dkt. No. 7.) The Third Circuit, however, did not address the timeliness of Petitioner's habeas petition, and ruled only that it was not a second or successive petition because he had not previously challenged the 2015 decision in his criminal case. (Bentzel Cert., Ex. 7; Dkt. No. 6-9.) In a supplement to his reply brief, Petitioner asserts that under state and federal law, there are no

time limits to challenge an illegal sentence, therefore, his habeas petition is timely. (Suppl. Reply Brief, Dkt. No. 8.) Here, Petitioner is challenging "the judgment of a State court … on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States" under 28 U.S.C. § 2254(a), which is governed by the one-year statute of limitations in 28 U.S.C. § 2244(d). Therefore, the habeas petition is untimely, and the Court will grant Respondents' motion to dismiss.

III. CONCLUSION

For the reasons discussed above, the Court will deny Petitioner's motion for summary judgment and grant Respondents' cross-motion to dismiss the petition as untimely.

An appropriate order follows.

Dated: **May 20, 2021**

                                         s/Renée Marie Bumb
                                         **RENÉE MARIE BUMB**
                                         **United States District Judge**